## THOMAS MAFFETT at the suit of DEN *ex dem.* JOHN TONKINS and WILLIAM C. TONKINS.

### IN EJECTMENT.

1. Where there has been a rule for a struck jury, and, upon the striking before the judge, the sheriff's book is objected to as incomplete, and the

objection overruled, the incompleteness of the book is no ground of challenge to the array upon the trial, unless in cases of imposition or fraud, the decision of the judge who struck the jury is conclusive.

2. Two sheriffs cannot, by law, advertise and sell, and convey the property of defendants jointly.

*Query.* Whether their joint deed is absolutely void.

The nature of this case sufficiently appears by the opinion delivered.

*White,* att'y for plaintiff. *Pearson,* att'y for defendant.

KIRKPATRICK, C. J. It appears, from the report of this case, that the defendant took a rule for a struck jury; that at the time of the striking he objected, before the judge, to his proceeding therein, because the book presented by the sheriff did not contain the names of all the persons qualified to serve as jurors in that county, but that the judge overruled the objection, and proceeded to strike; that when the cause was called for trial at the circuit, and the panel of the jury returned, the defendant challenged the array on this account; and, in support of his challenge, called the sheriff as a witness, who, upon his oath, said, " that the book presented contained the names of those freeholders whom *he conceived* to be qualified as jurors, but not of three-fourths of those of the county within the lawful ages;" that another witness was also sworn, who said, " that, in his opinion, the book presented did not contain more than one-third of the names of the freeholders of the county qualified by law to serve as jurors;" and, upon the inspection of the book, it appeared to contain but five hundred and seventy names. The challenge was overruled upon the ground, that if the judge, at chambers, accepts the book and strikes the jury, its incompleteness is no ground of challenge to the array upon the trial. Upon a good deal of reflection and consideration, the court have thought that the rule laid down by the judge at the circuit, is the safest

and best rule. Unless, therefore, in cases of imposition and fraud, to which the party is privy, they are inclined to say, that the decision of the judge who strikes the jury must always be conclusive upon this matter.

There is another ground for a new trial, taken by the defendant. The lessors of the plaintiff claimed the premises in question, as purchasers at sheriff's sale, on certain executions against the defendant. Some of these executions were levied by Baxter, the former sheriff, and some by Wilkins, the present sheriff. These two sheriffs advertised jointly, sold jointly, and made a joint deed, sealed with their respective seals. This deed was offered in evidence, and objected to by the defendant, because these officers could not, by law, advertise and sell, and convey jointly.

It is very certain, I think, that the act subjecting lands to be sold on execution for the payment of debts, gives no such joint authority. As the law now stands, the sheriff who has the first levy, has, of course, the first right to sell, if he chooses to pursue it; and he is not restrained to sell, by the acre, to the amount of his execution only, as formerly, unless so specially directed by the defendant; but he may sell an estate worth $10,000, upon an execution, for so many hundreds, or for any less sum. And when he does so, the surplus of the consideration money, after satisfying the execution or executions in his hands, is to be paid by him to the defendant, unless he is restrained from so doing by due notice from the next incumbrancer, followed by a rule of the court out of which the execution issues, or by an order of the Court of Chancery, which always exercises a superintending power in matters of this kind. In either of these cases, the said surplus must be brought into the court and paid to satisfy subsequent executions, according to their priority, in such way as such court shall direct. But if the sheriff who has the first levy shall neglect or refuse to sell at the first day, then he who has the next levy may sell, subject to such prior execution; but not to raise the money

to pay it.   The law allows no such mixture of authorities;
each sheriff has his distinct rights, to be distinctly exercised,
and he becomes distinctly responsible.

This being the view which I have of the authority of the
sheriffs, in these cases, I should incline to think this proceed-
ing altogether irregular, tending to imposition, difficulty and
danger, and greatly embarrassing the rights both of plain-
tiffs and defendants; yet I am not willing to say, the deed
is wholly void, or that it will not pass the land; and espe-
cially so, as we are given to understand that a practice of
this kind has prevailed pretty extensively in the western
part of this state, and that many titles now depend upon it.
It is, however, a dangerous practice, and in a multitude of
cases, that might be imagined, would defeat the sale alto-
gether.   In this case, however,   .

> Let the rule to shew cause be discharged.